■ YI MIN REN, Appellant, v PROFESSIONAL STEAM-CLEANING, INC., Respondent. [706 NYS2d 169] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), entered June 11, 1999, which denied his motion to strike the defendant's answer and for summary judgment on the complaint, or alternatively, to deem certain facts to be established in his favor, or to preclude the defendant from offering evidence with respect to the condition of the ladder from which he allegedly fell.

Ordered that the order is reversed, on the law, with costs, the motion is granted to the extent of precluding the defendant from offering evidence with respect to the condition of the ladder from which the plaintiff allegedly fell, and is otherwise denied.

The plaintiff was allegedly injured when the ladder he was using to inspect work performed by the defendant slipped out from beneath him. After commencement of this action, he served a demand to inspect the ladder, which was owned by the defendant. After the defendant initially refused to produce the ladder, the parties entered into a stipulation wherein the

defendant agreed to make the ladder available for inspection the day after the plaintiff's deposition. Before the date of the deposition, the ladder was allegedly stolen from a job site. The defendant, however, did not inform the plaintiff of the alleged theft either prior to or during the plaintiff's deposition. When the plaintiff's counsel arrived to inspect the ladder the next day, he was informed of the theft for the first time. Although the ladder was allegedly stolen from a job site, the defendant's witness testified at his deposition that he no longer used the ladder because it brought "bad luck".

The Supreme Court erred in denying the branch of the plaintiff's motion which was to impose a sanction upon the defendant for the failure to preserve evidence. Where a crucial item of evidence is lost, either intentionally or negligently, the party responsible should be precluded from offering evidence as to its condition (*see, DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53; *Squitieri v City of New York,* 248 AD2d 201; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170). Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.