■ THOMAS J. ROMAN, Plaintiff, v NORTH SHORE ORTHOPEDIC ASSOCIATION, P. C., Defendant and Third-Party Plaintiff-Appellant. MODERN RAD, LTD., et al., Third-Party Defendants-Respondents. [706 NYS2d 181] —In an action to recover damages for personal injuries, the defendant third-party plaintiff North Shore Orthopedic Association, P. C., appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated May 6, 1999, which granted the respective motions of the third-party defendants, Modern Rad, Ltd. and Tingle X-Ray Products, Inc. pursuant to CPLR 3126 to strike the third-party complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof granting the motion of the third-party defendant Modern Rad, Ltd., and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the third-party complaint is reinstated insofar as asserted against Modern Rad, Ltd.

In July 1996, the defendant third-party plaintiff, North Shore Orthopedic Association, P. C. (hereinafter North Shore), was sued by a former patient who alleged that the table of the X-ray machine on which he was lying suddenly dropped, causing him injury. In October 1997, North Shore commenced this third-party action against Modern Rad, Ltd. (hereinafter MRL), the entity that sold, installed, and serviced the X-ray machine, and Tingle X-Ray Products, Inc. (hereinafter Tingle), the designer/manufacturer of the machine. During discovery it was learned that North Shore had sold the subject X-ray machine in or about March 1997. It was also learned that the new owner had disassembled the machine and stored the parts in various locations. MRL, however, had, in fact, inspected and repaired the machine after the accident. Thereafter, MRL moved and Tingle cross-moved to strike the third-party complaint pursuant to CPLR 3126 based on spoliation of evidence. The Supreme Court granted the motion and cross motion. We modify.

In light of the fact that MRL examined and repaired the machine after the accident, the Supreme Court improvidently exercised its discretion in granting the motion of MRL to strike the third-party complaint insofar as asserted against it. Since, however, North Shore sold the machine after the commencement of the underlying action, but before the commencement of its third-party action, the sanction of striking the third-party complaint insofar as asserted against Tingle was a provident exercise of discretion, as Tingle was denied an opportunity to examine the machine (*see, DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 174). Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.