■ EDMUND STOEBE, Appellant, v GINA NORTON et al., Appellants, MITSUBISHI MOTORS CORPORATION et al., Respondents, et al., Defendant. (Action No. 1.) MARIA TELESHOVA, Plaintiff, v GINA NORTON et al., Defendants. (Action No. 2.) DENISE HURSAK, as Mother and Natural Guardian of PATRICK NICOLOSI, an Infant, et al., Plaintiffs, v GINA NORTON et al., Defendants. (Action No. 3.) LISA BERGAMINI et al., Appellants, v GINA NORTON et al., Appellants, et al., Defendants, and MITSUBISHI MOTOR CORPORATION et al., Respondents. (Action No. 4.) [707 NYS2d 882] —In four related actions to recover damages for personal injuries, etc., which were joined for trial, (1) Edmund Stoebe, the plaintiff in Action No. 1, and Lisa Bergamini and Joseph Bergamini, the plaintiffs in Action No. 4, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated February 3, 1999, as granted those branches of the motion of the defendants Mitsubishi Motors Corporation, Chrysler Motors Corporation, and Chrysler Corporation which were pursuant to CPLR 3126 (3) to dismiss the complaints in Action No. 1 and Action No. 4 insofar as asserted against them, and Gina Norton and Donald E. Norton, Jr., defendants in Action No. 1 and Action No. 4, separately appeal from so much of the same order as purportedly dismissed their cross claims against the defendants Mitsubishi Motors Corporation, Chrysler Motors Corporation, and Chrysler Corporation; and (2) Edmund Stoebe and Gina Norton and Donald E. Norton, Jr., separately appeal, as limited by their respective briefs, from so much of an order of the same court, dated June 17, 1999, as denied those branches of their respective motions which were for renewal, and, upon the granting of those branches of their respective motions which were for reargument, adhered to the prior determination.

Ordered that the appeal of Edmund Stoebe from so much of the order dated February 3, 1999, as granted that branch of the motion of the respondents which was to dismiss the complaint in Action No. 1 is dismissed, as that portion of the order

was superseded by so much of the order dated June 17, 1999, as was made upon reargument; and it is further,

Ordered that the appeals of Gina Norton and Donald E. Norton, Jr., from the orders dated February 3, 1999, and June 17, 1999, are dismissed, as those defendants are not aggrieved thereby (*see,* CPLR 5511; *Katz v Katz,* 68 AD2d 536); and it is further,

Ordered that the order dated February 3, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated June 17, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Mitsubishi Motors Corporation, Chrysler Motors Corporation, and Chrysler Corporation (hereinafter Mitsubishi) which was pursuant to CPLR 3126 (3) to dismiss the complaints in Action No. 1 and Action No. 4 insofar as asserted against Mitsubishi as a sanction for the failure to preserve the vehicle involved in the accident, which had been manufactured and distributed by Mitsubishi (*see, Short v Bombardier Inc.,* 269 AD2d 522; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170).

Further, Mitsubishi demonstrated its entitlement to judgment as a matter of law as to the claim of defective design (*see, Garcia v Rivera,* 160 AD2d 274, 276-277).

The appeals by the defendants Gina Norton and Donald E. Norton must be dismissed, as the Supreme Court did not dismiss their cross claims against Mitsubishi (*see, Katz v Katz,* 68 AD2d 536, *supra*). Sullivan, J. P., Friedmann, Florio and Feuerstein, JJ., concur.