■ WILLIAM BEHRBOM et al., Appellants-Respondents, v HEALTHCO INTERNATIONAL, INC., et al., Appellants, TRIWELD INDUSTRIES, INC., Respondent, et al., Defendants. [728 NYS2d 96] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated October 21, 1999, as granted the motion of the defendant Triweld Industries, Inc., pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it, the defendant Healthco International, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion to dismiss the complaint insofar as asserted against it, and the defendant Porter Instrument Company, Inc., separately appeals, as limited by its brief, from so much of the same order as dismissed the complaint insofar as asserted against Triweld Industries, Inc.

Ordered that the appeal by Porter Instrument Company, Inc., is dismissed, as it is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs and Healthco International, Inc.; and it is further,

Ordered that the respondent Triweld Industries, Inc., is awarded one bill of costs payable by Healthco International, Inc.

The plaintiff William Behrbom, a dentist, commenced this action in 1994 to recover damages for injuries he allegedly sustained as a result of a leak of nitrous oxide over a one-year period from a nitrous oxide sedation system installed in his office. The defendant Healthco International, Inc. (hereinafter Healthco), designed and sold the system, the defendant Porter Instrument Company, Inc. (hereinafter Porter), manufactured the system, and the defendant Triweld Industries, Inc. (hereinafter Triweld), supplied the nitrous oxide tanks used in the system.

In 1992, after the diagnosis of his illness, Dr. Behrbom retained an environmental services firm to conduct on-site

testing in his office to determine whether there was a leak in the nitrous oxide sedation system. The firm found high levels of nitrous oxide in the closet where two nitrous oxide tanks were stored and in the main operating room. A consulting engineer performed another on-site test and concluded that a leak in the valve on one of the tanks was a possible source of the elevated nitrous oxide in the dental office. In 1994, after the commencement of this action, the plaintiffs contracted with the same environmental services firm to conduct additional tests. The firm removed the nitrous oxide tanks from Dr. Behrbom's office and arranged for them to be refilled by a supplier. However, the supplier lost the allegedly defective tank, and it is undisputed that it cannot be located.

When Triweld requested production of the allegedly defective tank for inspection and testing, it was informed by the plaintiffs that the tank had been lost. Triweld then moved pursuant to CPLR 3126 to dismiss the complaint on the ground that the plaintiffs failed to preserve crucial evidence. The Supreme Court properly granted the motion.

The loss of the tank was not due to any intentional act by the plaintiffs. Nevertheless, under the circumstances, the plaintiffs were properly held responsible for the negligent loss of this evidence by their expert. The plaintiffs were aware that this physical evidence was crucial and that Triweld would want to inspect it. No act or omission by Triweld was involved in the loss of this evidence, and clearly it has been prejudiced. The plaintiffs' contention that Triweld has access to the reports of their expert and a videotape of one of the tests performed on the tank is unpersuasive, as such evidence does not provide an adequate substitute for an inspection of the valve on the tank by Triweld's own expert. Accordingly, as "a matter of elementary fairness," the complaint insofar as asserted against Triweld was properly dismissed (*Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175; *see also, Roman v North Shore Orthopedic Assn.*, 271 AD2d 669; *Puccia v Farley*, 261 AD2d 83; *Squitieri v City of New York*, 248 AD2d 201; *Brancaccio v Mitsubishi Motors Co.*, 1992 WL 189937 [SD NY]).

The Supreme Court properly denied Healthco's cross motion to dismiss the complaint insofar as asserted against it due to the loss of the tank. Healthco has not been deprived of an opportunity to mount a defense in this action, as the plaintiffs' claims against it relate to other components of the nitrous oxide sedation system which it sold to Dr. Behrbom and which are available for inspection. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.