◼ Vivian Cabasso, Respondent, v Lee Goldberg, Respondent, and U-Haul International, Inc., et al., Appellants. [733 NYS2d 47] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 5, 2001, which, *inter alia*, granted defendant Goldberg's motion and plaintiff's cross motion, each seeking to confirm the report of Judicial Hearing Officer Sidney Asch dated December 11, 2000 and to strike the answer of the U-Haul defendants on the ground of U-Haul's spoliation of evidence, unanimously affirmed, without costs.

In this personal injury action involving an accident allegedly caused by an allegedly defective or malfunctioning braking system on a U-Haul trailer, U-Haul's answer was properly stricken for its spoliation of key evidence relating to the trailer's braking system. U-Haul had conducted an inspection by its own expert immediately after service of the summons and complaint. However, it denied plaintiff and Goldberg an opportunity to inspect the trailer for years despite their immediate requests to do so, and notwithstanding ensuing court orders which directed U-Haul to make the trailer available for inspection. U-Haul failed to comply with these orders, and ultimately revealed that the trailer's braking system had been irretrievably dismantled. Since U-Haul deprived plaintiff and Goldberg of any means of establishing a prima facie case against it, the remedy imposed by the court was appropriate (*see, DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41;

*Squitieri v City of New York*, 248 AD2d 201). We reject U-Haul's argument that exemplar testing using similar trailer equipment could substitute for the lack of inspection testing. The claims and cross claims are not limited to issues of design defect, but also raise issues regarding the condition, maintenance and repair of the subject trailer. U-Haul's argument that circumstantial evidence could be used to establish negligence is not persuasive since it invites speculation and also permits U-Haul the advantage of utilizing its own expert's report, notwithstanding its responsibility for destroying key evidence that prevented a proper testing of the trailer by plaintiff and Goldberg. Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.