■ HORACE MANN INSURANCE COMPANY et al., Respondents, v E.T. APPLIANCES, INC., et al., Appellants, et al., Defendant. [736 NYS2d 79] —In an action, inter alia, to recover damages for breach of contract, the defendants E.T. Appliances, Inc., doing business as J's Payless Discount Appliance and Frigidaire appeal from an order of the of Supreme Court, Suffolk County (Kitson, J.), dated November 20, 2000, which denied their motion to dismiss the complaint insofar as asserted against them on the ground of spoliation of evidence.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In March 1994 the home of the plaintiffs John and Linda Knapp suffered extensive damage as a result of a fire. The plaintiffs allege that the fire was caused by a defective kitchen stove which was manufactured by the defendant Frigidaire and sold by the defendant E.T. Appliances, Inc., doing business as J's Payless Discount Appliance. In December 1994 and January 1995 the stove was examined and photographed by a professional engineer at the behest of the plaintiff Horace Mann Insurance Company, which issued a homeowners policy on the Knapp home covering the premises at the time of the fire. In a report to the insurer, dated January 28, 1995, the engineer concluded that "the fire appears to be from a manufacturing defect within the electrical components or wiring within the [stove's] control panel."

In January 1996 Horace Mann Insurance Company, as subrogee of the Knapps, and the Knapps individually, commenced this lawsuit. Shortly thereafter, the appellants' counsel sought to have the stove inspected, but was orally informed that it had been inadvertently destroyed. However, despite requests from the appellants' counsel, as well as a directive in the preliminary conference order, the plaintiffs' counsel never confirmed in writing that the stove had been destroyed.

Ultimately, the appellants moved to dismiss the complaint based upon spoliation of evidence. The Supreme Court denied the motion holding, in part, that "it was not persuaded that the destruction [of the stove] would make it extremely difficult or impossible to prepare a defense." We reverse.

Although the determination of spoliation sanctions is within the broad discretion of the Supreme Court, under the circumstances of this case, the appellants' motion to dismiss the complaint insofar as asserted against them should be granted. "When a party alters, loses or destroys key evidence before it can be examined by the other party's expert, the court should dismiss the pleadings of the party responsible for the spoliation" (*Squitieri v City of New York,* 248 AD2d 201, 202). Here, in light of the fact that the plaintiffs' own expert concluded that the stove appeared to be the cause of the fire, thus putting them on notice that it might be needed for future litigation, the plaintiffs were charged with the responsibility of preserving this crucial piece of evidence (*see, Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *see also, Yi Min Ren v Professional Steam-Cleaning,* 271 AD2d 602). Furthermore, contrary to the Supreme Court's conclusion, the loss of the stove is prejudicial to the appellants' ability to present a viable defense (*see, Fairclough v Hugo,* 207 AD2d 707).

Accordingly, the appellants are entitled to dismissal of the complaint insofar as asserted against them based upon spoliation of evidence (*see, Kirkland v New York City Hous. Auth., supra*). Santucci, J.P., O'Brien, H. Miller and Cozier, JJ., concur.