■ GLORIA THORNHILL, Appellant, v A.B. VOLVO et al., Respondents. [757 NYS2d 598] —In an action, inter alia, to recover damages for personal injuries based on strict products liability, the plaintiff appeals from an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated April 8, 2002, which granted the defendants' separate motions to dismiss the complaint insofar as asserted against them based on her spoliation of evidence.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action, asserting causes of action sounding in strict products liability, seeking damages for personal injuries she sustained in an automobile accident. She alleged that her leased Volvo had a defective tie rod, which caused her to lose control of the vehicle and strike a guardrail. Within one week of the accident, the plaintiff's son took photographs of the Volvo at the collision shop where it was towed after the accident. Within the same time frame she also hired an expert to inspect the vehicle. The expert subsequently sent the plaintiff a letter in which he opined that the accident was caused when the left-side outer tie rod of the Volvo

snapped, and recommended "for further analysis this tie rod should be removed from the car and checked for proper material strength."

At her deposition, the plaintiff admitted that after she had consulted an attorney in connection with a possible strict products liability claim, she was contacted by her insurance company and told that the Volvo, which had been declared a total loss, was in storage if she wanted it. However, she neither attempted to retrieve the Volvo, nor asked the insurance company to continue to store it for her. When, after this action had been commenced, the defendants sought to inspect the Volvo, the plaintiff notified them that the vehicle had not been in her possession since the day of the accident. Based upon their inability to inspect the Volvo, the defendants moved to dismiss the complaint, due to the plaintiff's spoliation of evidence. The Supreme Court granted the motion, and we affirm.

Contrary to the plaintiff's contention, it was her responsibility to preserve the Volvo from spoliation, so that it could be made available to the defendants for inspection. At the time the Volvo was lost the plaintiff was the only party with knowledge of potential litigation concerning an alleged defect in the vehicle. Furthermore, she was sufficiently aware of the importance of having the vehicle inspected in connection with such a lawsuit to have hired her own expert for that purpose within approximately one week of the accident. In addition, her own inspector put her on notice that further analysis of the Volvo's tie rod would be appropriate, and yet she made no effort to preserve even that one part of the vehicle (see *Horace Mann Ins. Co. v E.T. Appliances,* 290 AD2d 418 [2002]).

We do not agree with the plaintiff that dismissal of the complaint was an unduly harsh sanction because the loss of the Volvo did not actually prejudice the defendants' ability to defend the action. Access to the plaintiff's postaccident photographs of the Volvo, and her expert's report, could not adequately substitute for the defendants' own experts' inspection of the key piece of evidence in the case (see *Behrbom v Healthco Intl.,* 285 AD2d 573 [2001]). Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.