In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Glover, J.), dated October 2, 2002, which granted the defendant’s motion to preclude her from offering certain evidence at trial and to dismiss the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured when the top of a glass jar of salsa broke off as she attempted to replace the lid on the jar. Shortly thereafter, she retained an expert to inspect the jar. The *411 expert concluded that the jar cracked and broke because it “was weak and could not sustain a vacuum at normal pressure.” More than one year after the inspection, the plaintiff commenced this action against the defendant, alleging negligence and strict products liability. With its answer, the defendant served a demand for a bill of particulars and various discovery demands, including a request for certain information concerning the jar. After numerous unsuccessful attempts to obtain the requested information and a copy of the label on the jar, the defendant moved to compel the plaintiff to provide the information and a photocopy of the label. That motion resulted in a stipulation in which the plaintiff agreed to supply the information and label by a date certain. The stipulation provided that if she did not do so, the defendant could move to preclude.
When the plaintiff again failed to supply the information, the defendant moved to preclude her from offering evidence regarding the jar and to dismiss the complaint. In opposition to the motion, the plaintiff indicated that the jar was not in her possession, but did not explain what happened to it.
The Supreme Court providently exercised its discretion in precluding the plaintiff from offering evidence regarding the jar, a key piece of evidence crucial to the defense of this action (see Yi Min Ren v Professional Steam-Cleaning, 271 AD2d 602 [2000] ; see also Horace Mann Ins. Co. v E.T. Appliances, 290 AD2d 418 [2002]; Behrbom v Healthco Intl., 285 AD2d 573, 574 [2001] ). Contrary to the plaintiffs contention, a deposition of her expert would not be an adequate substitute for production of the requested discovery (see Thornhill v A.B. Volvo, 304 AD2d 651, 652 [2003]; Behrbom v Healthco Intl., supra). Since the plaintiff cannot establish a prima facie case without the precluded evidence, the Supreme Court properly dismissed the complaint. Altman, J.P., Smith, Friedmann and Crane, JJ., concur.