■ DENNIS NEAL, Respondent, v EASTON ALUMINUM, INC., et al., Appellants. [790 NYS2d 70]—

In an action, inter alia, to recover damages for personal injuries, the defendants, Easton Aluminum, Inc., Answer Products, Inc., and Babylon Bicycle Shop, Ltd., separately appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 27, 2004, as denied their respective motions pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

In June 1999 the plaintiff allegedly was injured while riding his bicycle when the fork/shock component of the bicycle broke. In January 2000 an engineer photographed and inspected the bicycle on behalf of the plaintiff. In August 2000 the engineer generated a report concluding, inter alia, that the fork/shock was negligently manufactured and designed. In August 2001 the plaintiff commenced this action against the alleged manufac-

turer, the designer, and the distributor of the fork/shock and bicycle, asserting causes of action based on negligence, breach of express and implied warranties, and strict products liability.

Pursuant to a preliminary conference order, the plaintiff was required to produce the subject bicycle, with the fork/shock, for inspection by the defendants. In an initial response to the preliminary conference order, the plaintiff's counsel provided, in relevant part, the incomplete statement, "[T]he subject bike is stored and is kept for evidence at . . . ." In a supplemental response, the plaintiff's counsel supplied a police report indicating that the bicycle was reported stolen from the plaintiff's attorney's office in June 2000, about one year before the action was commenced. The defendants separately moved to dismiss the complaint pursuant to CPLR 3126 based on the plaintiff's failure to comply with the directive in the preliminary conference order requiring production of the bicycle and the fork/shock for inspection, and spoliation of the evidence.

The Supreme Court should have granted the defendants' motions to dismiss based on the plaintiff's negligent loss of a key piece of evidence which is crucial to the defense of this matter (*see Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]; *Horace Mann Ins. Co. v E.T. Appliances*, 290 AD2d 418, 419 [2002]; *Behrbom v Healthco Intl.*, 285 AD2d 573, 574 [2001]; *Stoebe v Norton*, 272 AD2d 318, 319 [2000]; *Yi Min Ren v Professional Steam-Cleaning*, 271 AD2d 602, 603 [2000]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]). The photographs and the report generated by the plaintiff's engineer cannot adequately substitute for an inspection and testing of the bicycle by the defendants' own experts (*see Lindquist v Pillsbury Co.*, 1 AD3d 410, 411 [2003]; *Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]; *see also Behrbom v Healthco Intl.*, *supra* at 574). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.