BART INGOGLIA, Respondent, v BARNES & NOBLE COLLEGE BOOKSELLERS, INC., Appellant. [852 NYS2d 337]—

In an action, inter alia, to recover damages for defamation, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered July 31, 2006, as denied its motion to dismiss the complaint pursuant to CPLR 3126 based upon spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion to dismiss the complaint is granted.

Although actions should be resolved on the merits whenever possible (*see Gillen v Utica First Ins. Co.*, 41 AD3d 647 [2007]; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]), the court

may, among other things, issue an order "striking out pleadings or parts thereof" (CPLR 3126 [3]) when a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). Under the common-law doctrine of spoliation, "when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]; *see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]).

In support of its motion to dismiss the complaint pursuant to CPLR 3126 based upon spoliation of evidence, the defendant submitted the affidavit of its expert. Upon the inspection of the hard drive of the plaintiff's home computer, the defendant's expert found that numerous files, images, and folders, as well as some history of the plaintiff's internet usage had been deleted between the date the defendant demanded inspection of the plaintiff's computer and the date of the inspection. The defendant's expert found that after the defendant demanded inspection of the plaintiff's computer, a software program was installed on the computer which was designed to permanently remove data from the computer's hard drive. The defendant's expert found that even after the court had issued an order for the production of the plaintiff's computer for inspection, various data was deleted from the computer's hard drive. Evidence showed that the defendant was severely prejudiced by the plaintiff's intentional destruction of key evidence. Accordingly, the Supreme Court abused its discretion in denying the defendant's motion to dismiss the complaint for spoliation of evidence (*see Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc.*, 286 AD2d 320 [2001]; *Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11 [2000]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]). Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.