■ XIAO YANG CHEN, Respondent, v IAN IRA FISCHER, Appellant. [901 NYS2d 682]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), dated January 27, 2009, as denied that branch of his motion

which was to dismiss, due to spoliation of evidence and pursuant to CPLR 3126, the causes of action alleging injuries to the plaintiff's left ear.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendant's motion which was to dismiss the plaintiff's causes of action alleging injuries to her left ear is granted.

"Although actions should be resolved on the merits whenever possible, the court may, among other things, issue an order 'striking out pleadings or parts thereof' (CPLR 3126 [3]) when a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed' (CPLR 3126)" (*Ingoglia v Barnes & Noble Coll. Booksellers, Inc.*, 48 AD3d 636, 636-637 [2008] [citations omitted]; *see DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]). Furthermore, "when a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge's discretion to dismiss the complaint" (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]). Striking a pleading in its entirety may be warranted where the offending party's conduct was wilful or contumacious (*see Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 841 [2008]).

It is clear from this record that the plaintiff wilfully and contumaciously defied discovery orders of the Supreme Court by deleting from her computer's hard drive materials that she had been directed to produce. Although the Supreme Court granted that branch of the defendant's motion which was to dismiss so much of the complaint as sought recovery for lost earnings and damages for cognitive deficits allegedly sustained by the plaintiff, it denied that branch of the motion which was to dismiss the plaintiff's remaining causes of action, which involved alleged injuries to her left ear. Under the particular circumstances of this case, we find that the appropriate sanction for the plaintiff's conduct was the dismissal of the complaint in its entirety. Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the plaintiff's causes of action regarding alleged injuries to her left ear (*see Kihl v Pfeffer*, 94 NY2d at 122; *Geffner v North Shore Univ. Hosp.*, 57 AD3d at 841; *Ingoglia v Barnes & Noble Coll. Booksellers, Inc.*, 48 AD3d at 636-637; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]). Rivera, J.P., Fisher, Florio and Austin, JJ., concur.