■ Loretta L. Lentini, Respondent, v Robert Weschler, Appellant. [992 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered June 28, 2013, which granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer and affirmative defenses on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that, on July 31, 2011, while she was walking on a brick walkway on the defendant's property, some of the bricks collapsed, causing her to fall and sustain injury. The plaintiff commenced this action in December 2011 to recover damages for her personal injuries. Issue was joined in February 2012 by service of the defendant's answer. In May 2012, the plaintiff served upon the defendant a notice to permit entry on, and inspection of, his real property on July 31, 2012. In a telephone conversation on June 21, 2012, and in a letter dated June 25, 2012, counsel for the defendant advised counsel for the plaintiff that the bricks along the walkway had been removed, but if counsel for the plaintiff was still interested in conducting an inspection of the uncovered walkway, he should so indicate by July 18, 2012, as the defendant was planning to pave over the walkway with cement. Counsel for the plaintiff sent a letter dated July 11, 2012, indicating that he was still interested in conducting an inspection but that he would not be able to make arrangements to do so until after July 23, 2012, and that the defendant should thus not proceed with his plans

to pave the walkway. Despite this, the walkway was paved over with fresh cement prior to the plaintiff having the opportunity to inspect the premises but after the defendant's own expert was afforded an opportunity to inspect the walkway.

The plaintiff moved to strike the defendant's answer and affirmative defenses based on spoliation of the evidence and, thereupon, for summary judgment on the issue of liability. The Supreme Court granted the motion.

"The nature and severity of the sanction [for spoliation] depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]). The determination of spoliation sanctions, whether the spoliation was intentional or negligent, lies within the broad discretion of the court (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814, 815 [2010]; *Denoyelles v Gallagher*, 40 AD3d 1027 [2007]). "The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to' " prove its claim or defense (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]; *see Gagliardi v Preferred Mut. Ins. Co.*, 102 AD3d 741, 742 [2013]).

Here, the Supreme Court providently exercised its discretion in striking the defendant's answer and awarding the plaintiff summary judgment on the issue of liability since the defendant paved over the walkway after receiving notice that the plaintiff intended to inspect it and after his own expert was afforded an opportunity to inspect the walkway prior to it being covered in cement (*see Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]). Further, the plaintiff demonstrated that the condition of the ground which was underneath the bricks was central to the prosecution of her case and that its permanent change in character preventing inspection and analysis was prejudicial, since she would be unable to rely on other evidence to prove her claims (*see Xiao Yang Chen v Fischer*, 73 AD3d 1167 [2010]; *Ingoglia v Barnes & Noble Coll. Booksellers, Inc.*, 48 AD3d 636, 637 [2008]; *Neal v Easton Aluminum, Inc.*, 15 AD3d 459, 460 [2005]; *Thornhill v A.B. Volvo*, 304 AD2d at 652).

The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.