Laporte v New York City Hous. Auth. (2025 NY Slip Op 05943)

Laporte v New York City Hous. Auth.

2025 NY Slip Op 05943

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-08594
 (Index No. 13588/15)

[*1]Sherri Laporte, appellant, 
v
New York City Housing Authority, respondent.

Silbowitz Garafola Silbowitz & Schatz, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP (Herzfield & Rubin, P.C., New York, NY [Miriam Skolnik], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kerry Ward, J.), dated June 6, 2024. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated February 22, 2024, granting the defendant's motion pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order dated June 6, 2024, is affirmed insofar as appealed from, with costs.
In 2015, the plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained when two glass shelves fell off of her living room wall. The defendant interposed an answer alleging, inter alia, that the plaintiff's injuries were attributable to the culpable conduct of the plaintiff and/or third parties.
The defendant moved pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence based on the plaintiff's counsel's negligent disposal of the hardware that had been used to install the shelves. In an order dated February 22, 2024, the Supreme Court granted the defendant's motion. Thereafter, the plaintiff moved for leave to reargue her opposition to the defendant's motion. In an order dated June 6, 2024, the court granted leave to reargue but, upon reargument, adhered to its prior determination in the order dated February 22, 2024. The plaintiff appeals.
"'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Hudesman v Dawson Holding Co., 230 AD3d 744, 745-746, quoting M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1401). "The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (id. at 746). "'The sanction of dismissal of a pleading may be imposed even absent willful and contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of fundamental fairness'" (id., quoting [*2]Angotti v Petro Home Servs., 208 AD3d 1294, 1296).
The Supreme Court properly, upon reargument, adhered to its prior determination granting the defendant's motion pursuant to CPLR 3126 to strike the complaint on the ground of spoliation of evidence based on the plaintiff's counsel's negligent failure to preserve key pieces of evidence that were crucial to the defense in this action (see Schimicci v Dermpath, Inc., 49 AD3d 626, 626; Neal v Easton Aluminum, Inc., 15 AD3d 459, 460; Cabasso v Goldberg, 288 AD2d 116, 117). Contrary to the plaintiff's contention, an adverse inference that the subject hardware was insufficient to support the weight of the shelves would not enable the parties to litigate the defendant's negligence without resorting to speculation (see Bernstein v City of New York, 69 NY2d 1020, 1021-1022).
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court