| **King v Hayes** |
|:---:|
| 2026 NY Slip Op 30900(U) |
| March 11, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512485/2022 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 11th day of March 2026.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

========================================================

SHANNYS JEPHANNY KING,

**Plaintiff(s),**

-against-

TAEVON MALIK HAYES, THE NEW YORK FOUNDLING, AND KENRICK ANTHONY DONALDSON,

**Defendant(s).**

========================================================

**DECISION & ORDER**

Index No.: 512485/2022

Motion Seq.: 003, 004 & 005

Return Date: 12/04/2025

*Recitation of the following papers as required by CPLR 2219(a):*

|  |  | **NYSCEF Papers Numbered** |
|---|---|---|
| 003 | Notice of Motion and Supporting Documents | 55-68 |
|  | Affirmation in Opposition and Supporting Documents | 93-96 |
|  | Reply Affirmation and Supporting Documents | 108-109 |
| 004 | Notice of Cross-Motion and Supporting Documents | 71-73 |
|  | Affirmation in Opposition and Supporting Documents | 97-100 |
|  | Reply Affirmation and Supporting Documents | 110 |
| 005 | Order to Show Cause and Supporting Documents | 79-92, 107 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

This is an action for personal injuries arising out of a motor vehicle accident on 11/14/2021 in Brooklyn, New York. Plaintiff was a passenger in defendant Kenrick Anthony Donaldson's (Donaldson) vehicle that was in a collision with the vehicle owned by defendant The New York Foundling and operated by defendant Taevon Malik Hayes (Hayes).

Defendant Hayes and The New York Foundling (NYF) have each moved by separate counsel for an order per CPLR § 3212 granting summary judgment dismissing this action against

*512485/2022*
*Page 1 of 5*

[* 1]

them on the basis that Donaldson was the sole proximate cause of the accident. (MS 003 and 004). Movants allege that Hayes was traveling on Louisiana Avenue. He then entered the intersection of Louisiana Avenue and Wortman Avenue to make a left turn when Donaldson disregarded the stop sign on Wortman Avenue that controlled his lane of travel and collided with Hayes' vehicle.

In opposition, Donaldson points to his deposition testimony that he was inching out of the stop sign and then stopped waiting for the traffic to clear on Louisiana Avenue. Hayes came from Donaldson's right and while attempting a left turn, struck Donaldson's vehicle. Donaldson also points to Hayes deposition testimony that Hayes "waved" for Donaldson to proceed into the intersection. It is argued that when Donaldson did not proceed, Hayes then turned left striking Donaldson's vehicle. Plaintiff and Donaldson each testified that Hayes was driving "aggressively" and made a "speedy" turn onto Wortman Avenue striking their vehicle. Based on the conflicting testimony, Donaldson argues that summary judgment must be denied.

NYF has also moved by Order to Show Cause for an order per CPLR § 3126 striking plaintiff's complaint based on the failure to preserve evidence. It is alleged that plaintiff deleted her social media accounts and YouTube account. During plaintiff's deposition, she was presented with pictures and videos obtained from her [public] social media accounts. It is alleged that these images portrayed plaintiff performing post-accident strenuous activities that cast doubt on the injuries and resulting disabilities sustained by her in the accident. Following her deposition, NYF served a notice to preserve the information and images posted in these online accounts. Thereafter, defendants were preparing for possible mediation to resolve this matter when they learned that plaintiff had deleted her social media and YouTube accounts. Plaintiff's former

attorney advised that he would speak with plaintiff to restore the deleted accounts. As of the date of the motion, approximately 10% had been restored. (MS 005).

While the motions and order to show cause were pending, there was a breakdown of the attorney-client relationship between plaintiff and her counsel. Therefore, plaintiff discharged her attorney and filed a *pro se* Notice of Appearance on 11/10/2025.

Motion Sequences 003, 004 and 005 were heard on 12/4/2025. However, plaintiff failed to appear or submit written opposition to the motions. Therefore, the Court marked the motion "submitted" and reserved decision.

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). "A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

The motions are denied because the law is clear that "A movant's failure to sufficiently demonstrate its right to summary judgment requires a denial of the motion regardless of the sufficiency, *or lack thereof*, of the opposing papers" by plaintiff King (*Cugini v System Lbr. Co.*, 111 AD2d 114, 115 [1st Dept 1985], *appeal dismissed* 65 NY2d 1053 [1985]; *Liberty Taxi Management, Inc. v. Gincherman,* 32 AD3d 276, 278, fn.1 [1st Dept 2006], *citing Cugini v System Lbr., Co.,* [A motion for summary judgment should not be granted merely because the adversary failed to submit opposition papers.]; *see also Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324).

[* 3]

Here, the deposition testimony demonstrates that there are conflicting versions of the accident that require a denial of summary judgment because the Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any disputed issues of fact (*Vega v Restani Construction Corp.,* 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.,* 34 NY3d 167, 175 [2019] [internal citations omitted; *see also Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept 2002]).

However, this action is dismissed as against NYF based on plaintiff's failure to preserve evidence. "When a party destroys essential physical evidence such that its opponents are 'prejudicially bereft of appropriate means to confront a claim with incisive evidence,' the spoliator may be sanctioned by the striking of its pleadings" (*Deveau v CF Galleria at White Plains, L.P.,* 18 AD3d 695, 696 [2d Dept 2005] [internal quotations and citations omitted]; *Yi Min Ren v Professional Steam-Cleaning, Inc.,* 271 AD2d 602, 603 [2d Dept 2000] ["Where a crucial item of evidence is lost, either intentionally or negligently, the party responsible should be precluded from offering evidence."]).  By deleting essential evidence contained within her social media and YouTube accounts, plaintiff prejudiced defendants' ability to defend this action concerning whether she sustained a permanent disability as defined by Insurance Law § 5102.

The Court has considered the parties' remaining arguments and finds same to be without merit.

Accordingly, it is hereby

ORDERED that the motions for summary judgment by defendants TAEVON MALIK HAYES and THE NEW YORK FOUNDLING for an order per CPLR § 3212 dismissing this action against them on the issue of liability is DENIED (MS 003 and 004), and it is further

[* 4]

ORDERED that defendant THE NEW YORK FOUNDLING to strike plaintiff's complaint per CPLR § 3126 is GRANTED, and this action is dismissed as against defendant THE NEW YORK FOUNDLING only (MS 005).

This constitutes the decision and order of the Court.

E N T E R:

_____
**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/11/2026**