■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, as Subrogee of MARY H. MAXWELL, Appellant, v TURNERSON'S ELECTRIC, INC., et al., Respondents. [721 NYS2d 92] —In a subrogation action to recover the proceeds of a fire insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated February 22, 2000, as granted those branches of the respective motions of the defendants Turnerson's Electric, Inc., West Putnam Electric Corp., s/h/a West Putnam Electric, and David Tedesco, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On January 22, 1992, a house owned by the plaintiff's insured was destroyed by fire. The house was so extensively damaged that the Putnam County Bureau of Fire was unable to determine the cause of the fire. Shortly after the fire, the plaintiff hired a private investigator to conduct an investigation. The investigator, who had no formal education beyond high school and limited training in the area of fire analysis, issued two reports concluding that the fire was electrical in nature. During the course of his inquiry, the investigator removed an electric circuit panel box from the scene of the fire in order to further examine it. However, acting on instructions from a claims adjuster employed by the plaintiff, the investigator later destroyed the circuit panel. Based upon the investigator's opinion that the fire was electrical in origin, the plaintiff thereafter commenced this action against the defendants, contending, *inter alia*, that they had negligently performed electrical work in the residence. After conducting discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them on the ground of spoliation of evidence, or on the alternative ground that there was no evidence that their acts or omissions were a proximate cause of the fire. The Supreme Court dismissed the complaint because of the plaintiff's intentional destruction of the circuit panel, and did not reach the defendants' alternative ground for summary judgment.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the defendants were entitled to summary judgment dismissing the complaint on the ground of spo-

liation of evidence. Where, as here, a party destroys key physical evidence "such that its opponents are 'prejudicially bereft of appropriate means to confront a claim with incisive evidence,'" the spoliator may be punished by the striking of its pleading (*DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53, quoting *Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 174). The sanction of striking a pleading may be applied "even if the evidence was destroyed before the spoliator became a party, provided it was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies, supra,* at 53). The plaintiff intentionally Ordered the destruction of the circuit panel in the course of gathering evidence for a potential subrogation action, and the defendants have been prejudiced by the destruction of this key item of physical evidence. Accordingly, dismissal of the plaintiff's complaint was an appropriate remedy (*see, Roman v North Shore Orthopedic Assn.,* 271 AD2d 669; *Puccia v Farley,* 261 AD2d 83; *DiDomenico v C & S Aeromatik Supplies, supra*; *cf., Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658 [decided herewith]).

We further note that the defendants established their entitlement to summary judgment on the alternative ground that there was no evidence that their acts or omissions were a proximate cause of the fire. The defendants submitted evidence that the Putnam County Bureau of Fire was unable to determine the cause of the fire, and that there are competing inferences as to its origin (*see, Mittendorf v Brooklyn Union Gas Co.,* 195 AD2d 449). In opposition to the motion, the plaintiff relied upon the reports of its private investigator, which were unsworn and did not indicate that he had the education and experience to qualify as an expert in the area of fire investigation. These reports were insufficient to raise a triable issue of fact and defeat the defendants' motions for summary judgment (*see, Mittendorf v Brooklyn Union Gas Co., supra*; *Hagan v General Motors Corp.,* 194 AD2d 766). Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.