■ BENEDETTO ROMANO et al., Respondents, v SCALIA AND DELUCIA PLUMBING, Appellant, et al., Defendant. (And a Third-Party Action.) [721 NYS2d 245] —In an action to recover damages for personal injuries, the defendant Scalia and DeLucia Plumbing appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 29, 1999, as upon, in effect, granting renewal of its prior motion for summary judgment dismissing the complaint insofar as asserted against it, adhered to the prior determination made in an order dated April 8, 1999, denying the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, who planned to open a pizzeria, claim that the appellant negligently installed a gas line to a pizza oven that exploded when they attempted to light it. The appellant contends that the Supreme Court erred in denying its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground of spoliation of evidence based on its claim that the plaintiffs had allegedly lost or destroyed

the pizza oven. The appellant, however, failed to show that the subject oven could no longer be located and inspected, or the manner in which it was prejudiced by the alleged loss. The Supreme Court directed the plaintiffs to provide the appellant with the factual and data portions of their expert's report, and the appellant has photographs of the oven. Under the circumstances, it was not an improvident exercise of discretion to deny the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it (*see, Hartford Fire Ins. Co. v Regenerative Bldgs. Constr.,* 271 AD2d 862; *Gallo v Bay Ridge Lincoln Mercury,* 262 AD2d 450; *McPherson v Van Kouwenberg,* 258 AD2d 885; *Popfinger v Terminix Intl. Co.,* 251 AD2d 564; *cf., New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652 [decided herewith]).

The parties' remaining contentions are without merit (*see, Vecchio v Colangelo,* 274 AD2d 469). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.