■ SAMIR TAWEDROS et al., Appellants, v ST. VINCENT'S HOSPITAL OF NEW YORK, Respondent, et al., Defendants. [721 NYS2d 237] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about June 6, 2000, which, in a medical malpractice action, insofar as appealed from, denied plaintiff's cross motion to strike defendant-respondent hospital's answer, unanimously affirmed, without costs.

The motion to strike was properly denied since it was not established that defendant hospital's failure to produce plaintiff's complete original hospital record was willful and contumacious (*see, Siegman v Rosen*, 270 AD2d 14, 15). Defendant's position is that the record was already lost before plaintiff had first demanded it, surmising that it was inadvertently destroyed when microfiched. The careless loss of a record is not willful (*see, Nabozny v Cappelletti*, 267 AD2d 623, 626). As the IAS Court indicated, the circumstances, which include defendant's production of an admittedly incomplete and allegedly altered copy of the record, warrant that the action proceed to trial, where the jury, under appropriate instructions relating to adverse inferences, can weigh the credibility of defendant's explanations for destroying the original record and producing an incomplete and allegedly altered copy. Nor should defendant's answer be stricken on the basis of the common-law doctrine of spoliation of evidence since it does not appear that plaintiff will be unable to prove his case without the items of information missing from the copy of the record that defendant provided, or that defendant has otherwise gained an unfair advantage as a result of the missing information (*see, Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17-18; *cf., Kirkland v New York City Hous. Auth.*, 236 AD2d 170). Concur—Nardelli, J. P., Williams, Tom and Friedman, JJ.