■ CHIU PING CHUNG, Appellant, v CARAVAN COACH COMPANY, Respondent, et al., Defendant. [728 NYS2d 767] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated October 2, 2000, which denied his motion to strike the answer of the defendant Caravan Coach Company based on its spoliation of evidence.

Ordered that the order is affirmed, with costs.

The plaintiff, a teacher assistant, allegedly sustained injuries to his neck and back due to a "bumpy" ride on a bus during a school trip in March 1999. He commenced this action against the defendant Caravan Coach Company (hereinafter Caravan), the owner of the bus, seven months later. In November 1999 the Supreme Court enjoined Caravan from modifying or repairing the bus prior to an inspection by the plaintiff. However, the bus remained in use, and in January 2000, in preparation for an inspection by the New York State Department of Transportation (hereinafter DOT), a Caravan mechanic removed three shock absorbers and discarded them. The plaintiff had yet to inspect the bus, and he moved to strike Caravan's answer based on its spoliation of evidence.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in concluding that the drastic remedy of striking Caravan's answer was not warranted, as the plaintiff failed to establish that Caravan's

conduct deprived him of the means of proving his claim (*see, Fellin v Sahgal,* 268 AD2d 456; *Gallo v Bay Ridge Lincoln Mercury,* 262 AD2d 450; *Gitlitz v Latham Process Corp.,* 258 AD2d 391; *cf., DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Squitieri v City of New York,* 248 AD2d 201). The plaintiff was provided with reports on the DOT's inspections of the bus, including an inspection performed on March 5, 1999, a few days before the school trip. Caravan provided the plaintiff with its maintenance records for the bus, and photographs of the three discarded shock absorbers taken before their removal. In addition, the Supreme Court noted that the plaintiff would be able to depose the mechanic who removed the shock absorbers, the DOT inspector who inspected the bus in March 1999, and Caravan's expert who inspected the bus in December 1999. The Supreme Court also noted the possibility that, at trial, it would instruct the jury concerning Caravan's conduct regarding the shock absorbers to ameliorate any prejudice to the plaintiff. O'Brien, J. P., Krausman, Goldstein and Crane, JJ., concur.