■ LONG ISLAND DIAGNOSTIC IMAGING, P. C., Appellant-Respondent, v STONY BROOK DIAGNOSTIC ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. AZAD ANAND, Third-Party Defendant-Appellant-Respondent. [728 NYS2d 781] —In an action, *inter alia*, for a judgment declaring that the plaintiff is not in default under an agreement with the defendants, the plaintiff and the third-party defendant appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated September 21, 1999, which, in effect, denied their motion to strike certain counterclaims asserted in the defendants' answer and certain causes of action in the third-party complaint pursuant to CPLR 3126 and, *sua sponte,* designated a judicial hearing officer to supervise disclosure, and the defendants third-party plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the defendants' first, second, third, fourth, sixth, seventh, and eighth counterclaims, and the fifth, sixth, eighth, tenth, seventeenth, eighteenth, and nineteenth causes of action in the third-party complaint are dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

Despite several court orders directing the defendants to produce billing records, including computer databases, the defendants purged their databases in 1993. The back-up tapes which were ultimately produced pursuant to court order were compromised and unusable. The striking of a party's pleading is a proper sanction for a party who spoliates evidence (*see, DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53). Accordingly, under the circumstances of this case, the Supreme Court should have dismissed the defendants' counterclaims and the third-party complaint to the extent indicated. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.