■ KENNEDY MARRO, Respondent, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Appellants, et al., Defendants. (Action No. 1.) KENNEDY MARRO, Respondent, v IRA J. WAGNER et al., Appellants, et al., Defendants. (Action No. 2.) KENNEDY MARRO, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 3.) KENNEDY MARRO, Respondent, v TPK CONSTRUCTION CORP., Appellant, and HELEN CARR CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. EL SOL CONTRACTING & CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant. (Action Nos. 4 & 5.) [742 NYS2d 327] —In consolidated actions, inter alia, to recover damages for personal injuries, St. Vincent's Hospital and Medical Center of New York, Jesse Blumenthal, Sergio J. Anillo, Claude Macaluso, William Reisacher, Stephane Falcone, sued herein as S. Falcone, Faisal Siddiqui, sued herein as Siddiqui, Enrique Bonfils-Roberts, and Ira J. Wagner, defendants in actions Nos. 1 and 2, Franco Cerabona, a defendant in action No. 1, City of New York, the defendant in action No. 3, and TPK Construction Corp., a defendant in action No. 4, appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 26, 2001, and Helen Carr Construction Corp., a defendant in action No. 4 and the third-party plaintiff in action No. 5, and El Sol Contracting and Construction Corp., the third-party defendant in action No. 5, separately appeal from so much of the same order, as granted their separate motions to dismiss the complaint and all cross claims insofar as asserted against them pursuant to CPLR 3126 based upon the plaintiff's spoliation of evidence only to the extent of directing that the trial court give a negative inference charge against the plaintiff.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly granted the motions to dismiss the complaint and cross claims pursuant to CPLR 3126 based upon the plaintiff's spoliation of evidence only to the extent of directing that the trial court give a negative inference charge against the plaintiff. "Where a crucial item of evidence is lost, either intentionally or negligently, the party responsible should be precluded from offering evidence as to its condition" (*Yi Min Ren v Professional Steam-Cleaning,* 271 AD2d 602, 603). Moreover, where the lost item is the "key" evidence in the case, the proper sanction is to strike the pleading of the responsible party (*see DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53; *Squitieri v City of New York,* 248 AD2d 201, 202; *Kirk-*

*land v New York City Hous. Auth.,* 236 AD2d 170, 173). However, a less drastic sanction than dismissal of the responsible party's pleading may be imposed where the loss does not deprive the nonresponsible party of the means of establishing his or her claim or defense (*see Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621).

While it was the plaintiff's conduct which resulted in the destruction of the subject item of evidence, a motorcycle, the drastic remedy of dismissal of the complaint is unwarranted. There were three eyewitnesses to the happening of the accident, all of whom submitted affidavits or statements indicating their observations of the accident. There exist several photographs depicting the postaccident condition of the motorcycle. Additionally, the ambulance call report, the emergency room report, and several other records indicate the condition of the plaintiff upon his arrival at the hospital. Thus, the Supreme Court properly declined to dismiss the complaint and all cross claims as to all the defendants (*see Chiu Ping Chung v Caravan Coach Co., supra*). Altman, J.P., McGinity, Townes and Crane, JJ., concur.