■ In the Matter of JACQUELINE HOEY-KENNEDY, Appellant, v THOMAS KENNEDY, Respondent. [742 NYS2d 573] —In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated March 23, 2001, which, upon the granting of the father's motion for leave to reargue, sustained the father's objections to an order of the same court (Dwyer, H.E.), dated November 29, 2000, which, after a hearing, dismissed his petition for a downward modification of child support and remitted the matter to the Hearing Examiner, inter alia, to recalculate the father's child support obligations.

Ordered that the order is affirmed, with costs.

It is well settled that "[a] motion for reargument is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (*Long v Long,* 251 AD2d 631). Here, the Family Court providently exercised its discretion in granting the father's motion for leave to reargue his objections to the dismissal of his petition for a downward modification. Contrary to the mother's contention, the Family Court did not base its decision on new facts, but rather, found that the prior order dismissing the father's petition was based on a misapprehension of the facts.

Furthermore, upon reargument, the Family Court properly sustained the father's objections. The father made a prima facie showing of a change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]). The evidence adduced at the hearing established that the mother had sold the marital residence and, thus, the shelter care costs for the children required recalculation. In addition, there was evidence that the child care costs had changed because the children are older.

The mother's remaining contentions are without merit. Florio, J.P., Smith, Krausman and Townes, JJ., concur.