■ KAREN FONCETTE et al., Respondents, v LA EXPRESS et al., Appellants. [744 NYS2d 429] —In an action to recover damages for personal injuries and wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated October 12, 2001, as granted those branches of the plaintiffs' motion which were to strike the defendants' answer pursuant to CPLR 3126 and due to spoliation of evidence, and for a protective order as to the decedent's tax and employment records.

Ordered that the order is modified, on the law, by deleting therefrom the provisions granting those branches of the motion which were to strike the defendants' answer and for a protective order as to the decedent's tax and employment records, and substituting therefor a provision granting those branches of the motion only to the extent of precluding the defendants from offering any evidence as to the condition of the subject hydraulic jack, and otherwise denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

On June 6, 1994, the plaintiff's decedent, bus mechanic Kenneth Foncette, was fixing a disabled bus owned by the defendant LA Express. Using a hydraulic jack, the decedent lifted the bus so he could perform repairs from beneath. While he was beneath the bus, it fell and he was crushed. The defendants maintain that the jack did not fail, but that the decedent positioned it at an improper location beneath the bus. It is also disputed whether the jack was supplied by the decedent or by the defendants.

Following the accident, the defendants took possession of the jack, which they delivered to their liability insurer. In 1997 that insurer was adjudged insolvent, and thereafter, the jack was apparently lost.

The plaintiffs commenced this action in 1996. The plaintiffs demanded production of the jack at preliminary conferences in July and September 2000. The court issued two discovery orders, dated July 11, 2000, and September 11, 2000, respectively, directing the production of the jack. However, by then

the defendants had commissioned an investigation which revealed the loss of the jack, prompting the plaintiffs to move, inter alia, pursuant to CPLR 3126 and on the ground of spoliation of evidence, to strike the defendants' answer. The Supreme Court struck the answer. We now modify the order, finding this sanction to be unnecessarily severe.

The "drastic remedy" of striking an answer pursuant to CPLR 3126 is unwarranted absent a "clear showing that the failure to comply with discovery demands was willful, contumacious or in bad faith" (*Fellin v Sahgal,* 268 AD2d 456; *see Poulas v U-Haul Intl.,* 288 AD2d 202; *Patterson v Greater N.Y. Corp. of Seventh Day Adventists,* 284 AD2d 382). Similarly, under the common-law doctrine of spoliation, where a party destroys essential physical evidence and the party seeking that physical evidence is "prejudicially bereft of appropriate means to confront a claim with incisive evidence," the spoliator may be sanctioned by the striking of its pleading (*New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [internal quotation marks omitted], quoting *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 174; *see Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc.,* 286 AD2d 320). Where the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction of preclusion may be appropriate (*see Knightner v Custom Window & Door Prods.,* 289 AD2d 455; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621; *Tawedros v St. Vincent's Hosp. of N.Y.,* 281 AD2d 184; *Yi Min Ren v Professional Steam-Cleaning,* 271 AD2d 602).

In this case, the defendants attributed the loss of the jack to the insolvency of its liability insurer, demonstrating that their failure to comply with discovery orders was not willful, contumacious, or in bad faith. Furthermore, the plaintiffs did not offer any proof that the jack is essential to their case or that they are prejudiced by its loss (*see Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658). To the extent that the loss of the jack effectively precludes the plaintiffs from establishing that it was defective, the defendants have arguably been "as adversely affected by [the loss of the jack] as [the] plaintiffs in the investigation of the proximate cause of the accident" (*Calbi v General Motors Corp.,* 204 AD2d 148). Although the issue of who owned the jack may still be litigated, neither side has demonstrated that its loss will prove prejudicial on this point. Accordingly, while we agree that a sanction is warranted for the loss of the jack, under the circumstances of this case, preclusion as to evidence of its working condition is more appropriate.

Furthermore, the court erred insofar as it granted a protective order as to the decedent's employment and tax records (*see Myrie v Shelley*, 237 AD2d 337).

The defendants' remaining contentions are meritless. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.