■ JILL L. KLEIN, Appellant, v FORD MOTOR COMPANY, Respondent. [756 NYS2d 271] —In an action to recover damages for personal injuries based upon product liability, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 15, 2002, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126 and due to spoliation of evidence.

Ordered that the order is reversed, on the law, with costs, and the motion is denied, without prejudice to the defendant moving for the imposition of a lesser sanction at trial, upon a showing of genuine prejudice.

The plaintiff allegedly sustained serious injuries when, as a

result of a seemingly unexceptional automobile accident, her 1996 Ford Explorer sport utility vehicle (hereinafter SUV) overturned. Before commencing this action against the Ford Motor Company (hereinafter Ford), the plaintiff made the SUV available for inspection, and on July 11, 2000, a Ford engineer inspected the SUV and took approximately 300 photographs thereof.

After commencing this action, the plaintiff moved for permission to sell the SUV due to, inter alia, mounting storage costs. The Supreme Court denied that motion by order dated February 27, 2001. However, in July 2001 the storage facility inadvertently scrapped the SUV. Ford moved to dismiss the complaint, emphasizing that the destruction of the SUV was in violation of the order dated February 27, 2001. The Supreme Court granted the motion, placing great emphasis on the apparent violation of its prior order. We reverse.

Although Ford's motion invoked both CPLR 3126 and the common-law doctrine of spoliation, it is clear that the Supreme Court granted the motion on the latter theory. Where a party destroys essential physical evidence "such that its opponents are 'prejudicially bereft of appropriate means to confront a claim with incisive evidence,' the spoliator may be sanctioned by the striking of its pleading" (*New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [2001]; quoting *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53 [1998]; *see Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc.,* 286 AD2d 320 [2001]). However, the striking of a pleading is a drastic sanction that is warranted as a matter of elemental fairness (*see Sage Realty Corp. v Proskauer Rose,* 275 AD2d 11 [2000]; *Hartford Fire Ins. Co. v Regenerative Bldg. Constr.,* 271 AD2d 862 [2000]). Where the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate (*see Knightner v Custom Window & Door Prods.,* 289 AD2d 455 [2001]; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]; *Tawedros v St. Vincent's Hosp. of N.Y.,* 281 AD2d 184 [2001]; *Yi Min Ren v Professional Steam-Cleaning,* 271 AD2d 602 [2000]; *Squitieri v City of New York,* 248 AD2d 201 [1998]).

We disagree with the Supreme Court's conclusion that Ford demonstrated sufficient prejudice as a result of the inadvertent loss of the SUV to justify dismissal. The plaintiff's sole theory of recovery was predicated upon the allegation that the SUV was negligently designed such that its high center of gravity made it prone to rolling over. As a general proposition, while the best proof of a defective product is the product itself, "both

the existence of a product defect as well as the identity of the manufacturer of the product are issues of fact capable of proof by circumstantial evidence" (*Otis v Bausch & Lomb,* 143 AD2d 649, 650 [1988]; *see Gitlitz v Latham Process Corp.,* 258 AD2d 391 [1999]). Moreover, in cases of alleged design defects, there is growing recognition that the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because the defect will be exhibited by other products of the same design (*Dayal v Coinmach Indus. Co.,* 284 AD2d 206 [2001]; *see Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 175 [1997]; *Treston v Allegretta,* 181 AD2d 470 [1992]; *Collazo-Santiago v Toyota Motor Corp.,* 149 F3d 23 [1998]; *Schmid v Milwaukee Elec. Tool Corp.,* 13 F3d 76 [1994]; *Kerrigan v Maxon Indus.,* 223 F Supp 2d 626 [2002]; *Chapman v Bernard's Inc.,* 167 F Supp 2d 406 [2001]; *Bericochea-Cartagena v Suzuki Motor Co.,* 7 F Supp 2d 109 [1998]; *Tripp v Ford Motor Co.,* 1996 WL 377122 [1996]; *Donohoe v American Isuzu Motors,* 157 FRD 238 [1994]; *Schroeder v Commonwealth of Pa., Dept. of Transp.,* 551 Pa 243, 710 A2d 23 [1998]; *Mount Olivet Tabernacle Church v Edwin L. Wiegand Div., Emerson Elec. Co.,* 2001 Pa Super 232, 781 A2d 1263 [2001], *affd* 811 A2d 565 [Pa 2002]; *Beers v Bayliner Mar. Corp.,* 236 Conn 769, 675 A2d 829 [1996]).

In light of the nature of the design defect alleged, the fact that the loss of the SUV was inadvertent, and the fact that Ford was able to conduct a physical inspection before its disposal and took numerous photographs thereof, the sanction of dismissal was unwarranted (*see Morales v Delta Air Lines,* 297 AD2d 786 [2002]; *Foncette v LA Express,* 295 AD2d 471 [2002]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co., supra*). Moreover, at this juncture it is not clear that any sanction is warranted. Therefore, our determination is without prejudice to the defendant moving for the imposition of a lesser sanction at trial, upon a showing of genuine prejudice (*see Chiu Ping Chung v Caravan Coach Co., supra*).

Dismissal is also unwarranted pursuant to CPLR 3126, as there has been no showing that the plaintiff intentionally disobeyed the order dated February 27, 2001. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.