GUISEPPE IANNUCCI, Appellant, v MARCY ROSE et al., Respondents. [778 NYS2d 525]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), entered April 22, 2003, which denied his motion to strike the defendants' answer due to spoliation of evidence and for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (*see Allstate Ins. Co. v Kearns,* 309 AD2d 776 [2003]). It may, under appropriate circumstances, impose a sanction "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] . . . was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53 [1998]; *see Favish v Tepler,* 294 AD2d 396 [2002]; *Baglio v St. John's Queens Hosp.,* 303 AD2d 341 [2003]). Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness (*see Favish v Tepler, supra*). A less severe sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her defense or case (*see Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]; *Klein v Ford Motor Co.,* 303 AD2d 376 [2003]).

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to strike the defendants' answer. There was no evidence that the defendant Melody Fiorello acted willfully, contumaciously, or in bad faith when she threw out the subject ladder five days after the plaintiff's accident. Moreover, the court properly concluded that it did not deprive the plaintiff of the means to prove his case (*id.*). Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.