■ ROSE DEVEAU, Appellant, v CF GALLERIA AT WHITE PLAINS, LP, et al., Respondents. [796 NYS2d 119]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered April 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment due to spoliation of evidence.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants sustained their burden of demonstrating, prima facie, that they neither created nor had notice of the alleged dangerous condition that caused the plaintiff to fall (*see Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376, 377 [2003]; *Goldman v Waldbaum, Inc.,* 297 AD2d 277 [2002]; *Brown-Phifer v Cross County Mall Multiplex,* 282 AD2d 564 [2001]; *Cuddy v Waldbaum, Inc.,* 230 AD2d 703 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). To constitute constructive notice, a condition must be visible and apparent, and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). The plaintiff presented no proof with respect to how

long the puddle in question was on the floor before she fell. Accordingly, "there is no evidence to permit an inference that the defendants had constructive notice of the condition" (*Stone v Long Is. Jewish Med. Ctr., supra* at 377, citing *McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]).

Moreover, under the circumstances of this case, the Supreme Court providently exercised its discretion in concluding that a sanction against the defendants was not warranted due to the alleged spoliation of a videotape depicting the accident. When a party destroys essential physical evidence "such that its opponents are 'prejudicially bereft of appropriate means to confront a claim with incisive evidence,' the spoliator may be sanctioned by the striking of its pleadings" (*New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [2001], quoting *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53 [1998]; *see Klein v Ford Motor Co.,* 303 AD2d 376, 377 [2003]; *Squitieri v City of New York,* 248 AD2d 201, 202 [1998]; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170, 173 [1997]). However, where "the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co., supra* at 377; *see Riley v ISS Intl. Serv. Sys.,* 304 AD2d 637, 638 [2003]; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]). Contrary to the plaintiff's contention, she was not prejudiced by the loss of the videotape because, by her own admission, the tape did not show the puddle that caused her to fall, nor did the tape depict how long it was on the floor. Accordingly, the loss of the tape did not prejudice the plaintiff in opposing the defendants' motion for summary judgment. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.