■ VALDEMIRIAN DE LOS SANTOS et al., Appellants, v ANIBAL POLANCO et al., Respondents, et al., Defendant. [799 NYS2d 776]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated December 21, 2004, which granted their motion pursuant to CPLR 3126 to strike the answer of the defendants City of New York, New York City Police Department, and Ricardo Otero, based upon spoliation of evidence only to the extent of precluding those defendants from offering any evidence on the issue of the point of impact of the vehicles involved in the subject accident and directing that a negative inference charge be given at trial regarding the destruction of the police vehicle involved in the accident.

Ordered that the order is affirmed, with costs.

The Supreme Court has broad discretion in determining the appropriate sanction for spoliation of evidence (*see Allstate Ins.*

*Co. v Kearns,* 309 AD2d 776 [2003]). Because striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, the prejudice that results from the spoliation must be considered in order to determine whether such drastic relief is necessary as a matter of fundamental fairness (*see Favish v Tepler,* 294 AD2d 396 [2002]). Thus, where a party destroys key evidence such that its opponents are deprived of appropriate means to confront a claim with incisive evidence, the spoliator may be punished by the striking of its pleading (*see Foncette v LA Express,* 295 AD2d 471, 472 [2002]; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [2001]; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53 [1998]). A less severe sanction is appropriate, however, where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense (*see Ifraimov v Phoenix Indus. Gas, LLC,* 4 AD3d 332, 333 [2004]; *Mylonas v Town of Brookhaven,* 305 AD2d 561, 563 [2003]; *Klein v Ford Motor Co.,* 303 AD2d 376, 377 [2003]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]). Furthermore, where the plaintiffs and defendants are equally affected by the loss of the items in their investigation of the accident and neither have reaped an unfair advantage in the litigation, it is improper to dismiss a pleading on the basis of spoliation of evidence (*see Lawson v Aspen Ford,* Inc., 15 AD3d 628, 629-630 [2005]; *Ifraimov v Phoenix Indus. Gas, supra* at 334; *O'Reilly v Yavorskiy,* 300 AD2d 456, 457 [2002]; *Foncette v LA Express, supra*).

The plaintiffs failed to establish that without the police vehicle they were deprived of the evidence needed to prove that the police were speeding at the time of the accident and thus were acting in "reckless disregard" of the plaintiffs' safety. The plaintiffs presented no reason why the vehicle in which they were passengers cannot be examined by an accident reconstructionist to determine, based upon the point of impact and the damage sustained, the speed of the alleged offending police vehicle at the time of impact. By failing to eliminate their vehicle as a source of the information they sought, the plaintiffs failed to sustain their burden of proving that the police vehicle was essential to their case or that they were prejudiced by its loss (*see Foncette v LA Express, supra* at 472; *Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658, 659 [2001]). Moreover, if the police vehicle was the only one that could be examined to determine the speed at which it was traveling prior to impact, then the defendants were equally prejudiced by the spoliation of that evidence (*see Lawson v Aspen Ford, supra; Ifraimov v Phoe-*

*nix Indus. Gas, supra; O'Reilly v Yavorskiy, supra; Foncette v
LA Express, supra).*

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer for their spoliation of evidence only to the extent of precluding them from offering any evidence on the issue of the point of impact of the vehicles involved in the accident and directing that a negative inference charge be given at trial regarding the destruction of the police vehicle involved in the accident. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.