E.W. HOWELL CO., INC., Appellant, v S.A.F. LA SALA CORP., Respondent, and FEDERAL INSURANCE COMPANY, Appellant. [828 NYS2d 212]—

In an action, inter alia, to foreclose a mechanic's lien and recover damages for breach of contract, the plaintiff, E.W. Howell Co., Inc., and the defendant Federal Insurance Company appeal from (1) so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered July 28, 2005, as granted that

branch of the motion of the defendant S.A.F. La Sala Corp. which was for leave to reargue, and upon reargument, restored the action to the trial calendar and vacated a prior order of the same court entered March 14, 2005, granting their motion pursuant to CPLR 3126 to dismiss the counterclaims and cross claims asserted by the defendant S.A.F. La Sala Corp. as a sanction for spoliation of evidence, and (2) so much of an order of the same court entered October 17, 2005, as, upon reargument, adhered to the determination in the order entered July 28, 2005.

Ordered that the appeal from the order entered July 28, 2005 is dismissed, as that order was superseded by the order entered October 17, 2005 made upon reargument; and it is further,

Ordered that the order entered October 17, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (*Carrillo v PM Realty Group*, 16 AD3d 611 [2005]; *see Matter of Hoey-Kennedy v Kennedy*, 294 AD2d 573 [2002]; *Long v Long*, 251 AD2d 631 [1998]). Contrary to the appellants' contention, the defendant S.A.F. La Sala Corp. (hereinafter the defendant) demonstrated in its moving papers that the court had misapprehended certain facts pertaining to the significance of missing business records in granting the motion pursuant to CPLR 3126 to dismiss the defendant's counterclaims and cross claims as a sanction for spoliation of evidence. Accordingly, the court providently exercised its discretion in granting that branch of the defendant's motion which was for leave to reargue.

Upon reargument, the court properly vacated the order entered March 14, 2005 and determined that a less severe sanction was appropriate. In order to impose the drastic remedy of striking a pleading pursuant to CPLR 3126, there must be a clear showing that a party's failure to comply with discovery demands was willful, contumacious, or in bad faith (*see Pulsone v North Shore Towers Apts. Inc.*, 29 AD3d 883 [2006]; *Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 24 AD3d 742 [2005]; *Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]; *Mylonas v Town of Brookhaven*, 305 AD2d 561 [2003]). Here, the appellants failed to make such a showing.

Furthermore, while the sanction of dismissal of a pleading may be imposed upon a party who negligently loses key evidence even absent willful or contumacious conduct (*see Mylonas*

*v Town of Brookhaven, supra; DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]), a less drastic sanction is appropriate where the loss does not deprive the opposing party of the means of establishing a claim or a defense (*see De Los Santos v Polanco*, 21 AD3d 397 [2005]; *Iannucci v Rose*, 8 AD3d 437 [2004]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]). Although the business records lost by the defendant are relevant to the appellants' defense to the defendant's counterclaims and cross claims, other evidence remains available to them, including the business records of the appellant E.W. Howell Co., Inc., and the testimony of its employees. Under these circumstances, the loss of the subject records will not fatally compromise the appellants' defense to the claims or leave them without the means of establishing their defense (*see De Los Santos v Polanco, supra; Cameron v Nissan 112 Sales Corp.*, 10 AD3d 591 [2004]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332 [2004]; *Mylonas v Town of Brookhaven, supra*). Accordingly, dismissal was not warranted as a matter of "fundamental fairness" (*De Los Santos v Polanco, supra* at 398), and the court did not improvidently exercise its discretion in determining, upon reargument, that a negative inference charge would be an appropriate sanction (*see De Los Santos v Polanco, supra; Iannucci v Rose, supra; Ifraimov v Phoenix Indus. Gas, supra; Marro v St. Vincent's Hosp., supra*).

The appellants' remaining contention is without merit. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.