LAURA MOLINARI et al., Respondents, v JEREMIAH H. SMITH et al., Appellants. [834 NYS2d 269]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated July 6, 2006, as, upon granting the plaintiffs' motion for leave to reargue their motion to strike the defendants' answer based on spoliation of evidence, which was denied by order dated January 10, 2006, in effect, granted the plaintiffs' motion to strike the answer and vacated the order dated January 10, 2006.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, granted the plaintiffs' motion in its entirety and substituting therefor a provision, upon reargument, granting the motion to the extent of directing the defendants to stipulate to the admission of the manufacturer's assembly and safety instructions and allowing a negative inference charge at the trial of this action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff allegedly was injured when she fell while

playing on a trampoline located on the defendants' premises. The plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answer based on spoliation of evidence, contending that they deliberately disposed of the trampoline to deprive the plaintiffs of an opportunity to inspect it. The Supreme Court concluded that the defendants had not acted willfully and that the plaintiffs could establish a prima facie case without the trampoline, but, upon reargument, granted the plaintiffs' motion to strike their answer based on the spoliation.

The court has broad discretion in determining the sanction for spoliation of evidence and may, under the appropriate circumstances, impose a sanction if the destruction occurred through negligence rather than willfulness (*see Iannucci v Rose*, 8 AD3d 437, 438 [2004]). Because the striking of a pleading is a severe sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation in order to determine whether such drastic relief is necessary as a matter of fundamental fairness (*see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Favish v Tepler*, 294 AD2d 396 [2002]). A less severe sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense (*see De Los Santos v Polanco, supra; Iannucci v Rose, supra*).

Here, the Supreme Court erred in, upon reargument, granting the plaintiffs' motion to strike the defendants' answer. As found by the court, the loss of the opportunity to inspect the trampoline will not deprive the plaintiffs of the means of proving their claims of negligent supervision and attractive nuisance. Under the circumstances, the court should have considered a less severe sanction, which we now provide (*see Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332 [2004]; *Mylonas v Town of Brookhaven*, 305 AD2d 561 [2003]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]). Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.