■ MICHAEL YECHIELI et al., Appellants, v GLISSEN CHEMICAL Co., INC., et al., Defendants, and CITY OF NEW YORK et al., Respondent. [836 NYS2d 668]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an

order of the Supreme Court, Kings County (Solomon, J.), dated August 16, 2005, as denied that branch of their motion which was to strike the answer of the defendant City of New York pursuant to CPLR 3126 and based upon spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs failed to demonstrate conduct on the part of the defendant City of New York which would warrant striking its answer pursuant to CPLR 3126 or based upon spoliation of evidence (*see Mylonas v Town of Brookhaven*, 305 AD2d 561, 562-563 [2003]; *Foncette v LA Express*, 295 AD2d 471, 472 [2002]; *Birch Hill Farm v Reed*, 272 AD2d 282, 283 [2000]). In any event, the loss of the physical evidence in question does not deprive the plaintiffs of the means of proving their causes of action against the City (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653 [2007]; *De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Mylonas v Town of Brookhaven, supra* at 563). Accordingly, the Supreme Court providently exercised its discretion in determining that a negative inference charge would be an appropriate sanction (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp., supra*).

The plaintiffs' argument that the Supreme Court should have stricken the City's answer based upon its alleged failure to produce documentary evidence, in violation of the Supreme Court's discovery orders, was improperly raised for the first time in its reply papers (*see* CPLR 3126; *Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658 [1999]; *Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). Under the circumstances, this Court will not consider the argument (*see Lewis v Boyce*, 31 AD3d 395, 396 [2006]). Rivera, J.P., Florio, Dillon and Carni, JJ., concur.