■ DARREN DEAN, Appellant-Respondent, v USINE CAMPAGNA et al., Respondents-Appellants, et al., Defendants. [845 NYS2d 62]—

In an action, inter alia, to recover damages for personal injuries based on strict products liability, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated May 8, 2006, as granted the motion of the defendants Usine Campagna, Campagna Moto Sport, Inc., and Campagna Corporation for summary judgment dismissing the complaint insofar as asserted against them based on spoliation of evidence to the extent of precluding him from offering evidence based on his expert's inspection of the physical evidence and denied as academic his cross motion to permit those defendants to depose his expert in lieu of a sanction for spoliation, and the defendants Usine Campagna, Campagna Moto Sport, Inc., and Campagna Corporation cross-appeal from so much of the same order as granted their motion only to the extent of precluding the plaintiff from offering evidence based on his expert's inspection of the physical evidence.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by adding thereto a provision imposing a monetary sanction against the plaintiff personally in the amount of $5,000, payable to the counsel for the defendants; as

so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants, payable to the counsel for the defendants Usine Campagna, Campagna Moto Sport, Inc., and Campagna Corporation; and it is further,

Ordered that the sanction shall be paid within 60 days after service upon the plaintiff's attorney of a copy of this decision and order.

On December 6, 2001 the plaintiff allegedly was injured when his T-Rex, a three-wheel motor vehicle that he was operating, crashed into the rear of a parked tractor trailer. In April 2002 a professional engineer photographed and inspected the T-Rex on behalf of the plaintiff. In June 2002 the engineer generated a report concluding, inter alia, that the T-Rex had defects, including the design and the manufacture of the accelerator throttle pedal.

In December 2004 the plaintiff commenced this action against, among others, the defendants Usine Campagna, Campagna Moto Sport, Inc., and Campagna Corporation (hereinafter the defendants), the alleged designers and manufacturers of the T-Rex, asserting, inter alia, causes of action based on negligence and strict products liability. In particular, the plaintiff alleged that the accelerator throttle pedal became jammed in the full open position, causing the T-Rex to collide with the parked tractor trailer.

In July 2005 a discovery order was entered, requiring the plaintiff, inter alia, to make the T-Rex available for inspection no later than September 30, 2005. The plaintiff failed to comply with that order and after several unsuccessful demands for inspection, the defendants moved, inter alia, pursuant to CPLR 3126 to strike the complaint for his willful and contumacious failure to comply with the discovery order. In opposition to the defendants' motion, the plaintiff disclosed that in February 2005 it was discovered that the T-Rex had been disassembled while in a storage facility and that certain of its parts, including the throttle pedal, were missing. The Supreme Court, inter alia, denied the defendants' motion to strike the complaint, with leave to renew.

Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's spoliation of the T-Rex. The plaintiff opposed the motion and cross-moved for an order permitting the defendants to depose his expert in lieu of an inspection of the T-Rex. The Supreme Court granted the defendants' motion to the extent of precluding the plaintiff from offering any evidence based upon his expert's inspection of the T-Rex.

"The court has broad discretion in determining the sanction for spoliation of evidence and may, under the appropriate circumstances, impose a sanction if the destruction occurred through negligence rather than willfulness" (*Molinari v Smith,* 39 AD3d 607, 608 [2007]). Generally, striking a pleading is reserved for instances of willful or contumacious conduct (*id.* at 608), and the prejudice resulting from spoliation must be considered in determining whether such drastic action is necessary as a matter of elementary fairness (*see De Los Santos v Polanco,* 21 AD3d 397, 398 [2005]). Where a party's negligent loss or destruction of evidence does not deprive its opponent of a means to present or defend against a claim, striking a spoliator's pleading is not warranted (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.,* 36 AD3d 653, 655 [2007]; *De Los Santos v Polanco,* 21 AD3d at 397, 398). Here, the plaintiff's negligent destruction of the subject T-Rex negates his manufacturing defect claim, but does not preclude the defendants from defending against the design defect claim. The dispute over whether the plaintiff disassembled his T-Rex when he painted it blue, and whether such disassembly may have caused the alleged throttle problem, is a question of fact for which both parties could use an exemplar T-Rex in support of their arguments on this issue (*see Klein v Ford Motor Co.,* 303 AD2d 376, 378 [2003]; *cf. Neal v Easton Aluminum, Inc.,* 15 AD3d 459 [2005]). Additionally, by precluding the plaintiff from offering evidence based on his expert's inspection of the T-Rex, the prejudice to the defendants, namely their inability to defend against the manufacturing defect claim, is greatly mitigated (*see Lawson v Aspen Ford, Inc.,* 15 AD3d 628, 629-630 [2005]). In sum, in light of the defendants' ability to defend against the design defect claim despite the plaintiff's negligent destruction of the T-Rex, the court's determination to preclude the plaintiff from offering any evidence based on his expert's inspection of the T-Rex is appropriate.

However, in light of the plaintiff's 10-month delay in informing the Supreme Court and the defendants that the T-Rex had been negligently destroyed, a delay for which he offered no reasonable excuse, and during which time the defendants sought judicial intervention to compel production of the T-Rex, a monetary sanction against the plaintiff in the sum of $5,000 is warranted (*see* CPLR 3126; *Denoyelles v Gallagher,* 40 AD3d 1027 [2007]; *O'Neill v Ho,* 28 AD3d 626 [2006]; *Garan v Don & Walt Sutton Bldrs., Inc.,* 27 AD3d 521, 523 [2006]; *Jacobs v Macy's E., Inc.,* 17 AD3d 318 [2005]; *Carella v Reilly & Assoc.,* 297 AD2d 326 [2002]; *Smith v New York Tel. Co.,* 235 AD2d 529, 530 [1997]; *Athanasiou v First Natl. City Bank US Corp.,* 225 AD2d 726 [1996]).

The plaintiff's remaining contention is without merit. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.