In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated January 8, 2007, which granted the defendants’ separate motions to dismiss the complaint insofar as asserted against each of them on the ground of spoliation of evidence to the extent of precluding him from offering evidence at trial with respect to any head injuries allegedly sustained as a result of the accident.
Ordered that the order is modified, on the law, the facts, and in exercise of discretion, by deleting the provisions thereof granting the defendants’ separate motions to the extent of precluding the plaintiff from offering evidence at trial with respect to any head injuries allegedly sustained as a result of the accident and substituting therefor provisions granting the motions to the extent of directing the trial court to issue a negative inference charge against the plaintiff with respect to the subject motorcycle helmet and shield; as so modified, the order is affirmed, with one bill of costs to the plaintiff.
The Supreme Court has broad discretion in determining sanctions for spoliation of evidence (see De Los Santos v Polanco, 21 AD3d 397 [2005]; Barahona v Trustees of Columbia Univ. in City of N.Y., 16 AD3d 445, 446 [2005]). To support a determination of sanctions pursuant to CPLR 3126, the moving party has the burden of demonstrating that the responsible party’s actions were “willful and contumacious” or in bad faith (Denoyelles v Gallagher, 40 AD3d 1027, 1027 [2007]; see Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726 [2008]; Mylonas v Town of Brookhaven, 305 AD2d 561, 562 [2003]; Foncette v LA Express, 295 AD2d 471 [2002]). The common-law doctrine of *751 spoliation allows for sanctions when a party negligently disposes of evidence; however, the court must consider prejudice resulting from spoliation in determining what type of sanction, if any, is warranted as a matter of fundamental fairness (see Dean v Usine Campagna, 44 AD3d 603, 605 [2007]; Iannucci v Rose, 8 AD3d 437, 438 [2004]; Favish v Tepler, 294 AD2d 396, 397 [2002]).
Here, the Supreme Court improvidently exercised its discretion in imposing a sanction of preclusion, as the defendants failed to establish that the plaintiff disposed of the subject motorcycle helmet and shield intentionally or in bad faith, or that the loss of this evidence will leave them without a means to defend the action (see Cohen v Jordan Servs., Inc., 49 AD3d 680, 681 [2008]; Kerman v Martin Friedman, C.P.A., P.C., 21 AD3d 997, 999 [2005]; Lawson v Aspen Ford, Inc., 15 AD3d 628, 629-630 [2005]; Vaughn v City of New York, 201 AD2d 556, 558 [1994]). Under the circumstances, the court should have imposed the less severe sanction of a negative inference charge (see Yechieli v Glissen Chem. Co., Inc., 40 AD3d 988, 989 [2007]; Molinari v Smith, 39 AD3d 607, 608 [2007]; Ifraimov v Phoenix Indus. Gas, 4 AD3d 332, 334 [2004]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.