■ MILAN K. AWON, Respondent, v HARRAN TRANSPORTATION Co., INC., et al., Appellants. (Action No. 1.) CLARIDELIA GUILLEN et al., Plaintiffs, v HARRAN TRANSPORTATION Co., INC., et al., Appellants, and MILAN K. AWON, Respondent. (Action No. 2.) [895 NYS2d 135]—

The Supreme Court providently exercised its discretion in denying the motions of the defendants Harran Transportation Co., Inc., and Samuel S. Webb (hereinafter together the appellants) to strike the pleadings of Milan K. Awon in actions No. 1 and 2. A party that destroys essential evidence such that its opponent is "prejudicially bereft of appropriate means to [either present or] confront a claim with incisive evidence" is subject to severe sanctions (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998] [internal quotation marks omitted]; *see Horace Mann Ins. Co. v E.T. Appliances*, 290 AD2d 418 [2002]). As a matter of fairness, this is true even in cases where the destruction of the evidence was not willful or contumacious if the other party has been severely prejudiced by the destruction (*see Neal v Easton Aluminum, Inc.*, 15 AD3d 459 [2005]). "Where the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]; *see Jenkins v Proto Prop. Servs., LLC*, 54 AD3d 726 [2008]; *Dean v Usine Campagna*, 44 AD3d 603 [2007]; *De Los Santos v Polanco*, 21 AD3d 397 [2005]; *Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695 [2005]; *Lawson v Aspen Ford, Inc.*, 15 AD3d 628 [2005]; *Riley v ISS Intl. Serv. Sys.* 304 AD2d 637 [2003]; *Favish v Tepler*, 294 AD2d 396 [2002]). Here, the appellants failed to show that the sale of Awon's totaled vehicle for scrap severely prejudiced their ability to defend the two related actions (*see Iannucci v Rose*, 8 AD3d 437 [2004]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.