■ Michael Scordo, Respondent-Appellant, v Costco Wholesale Corporation, Doing Business as COSTCO, Appellant-Respondent. (Action No. 1.) National Ben Franklin Insurance Company of Illinois, as Subrogee of Michael Scordo et al., Respondents, v Costco Wholesale Corporation, Appellant. (Action No. 3.) [910 NYS2d 440]—

In related actions, which were joined for trial, to recover damages for personal injuries, etc., the defendant Costco Wholesale Corporation, doing business as COSTCO, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), dated September 15, 2009, as denied those branches of its motion which were pursuant to CPLR 3126 to strike the complaints in actions Nos. 1 and 3 due to spoliation of evidence or, in the alternative, to preclude the plaintiffs in actions Nos. 1 and 3 from submitting certain evidence or, in the alternative, for summary judgment dismissing the complaints in actions Nos. 1 and 3, and the plaintiff in action No. 1 cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as denied his cross motion in that action for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Michael Scordo allegedly was injured on May 10, 2004, when the front-left wheel of the vehicle he was driving separated from the car, causing him to lose control of the vehicle and travel down an embankment. Scordo commenced an action against the defendant Costco Wholesale Corporation, doing business as COSTCO (hereinafter the defendant), to recover

damages for his injuries, alleging, inter alia, that, on March 24, 2004, the defendant negligently serviced and replaced the tires on the car and proximately caused the accident. Subsequently, the plaintiff National Ben Franklin Insurance Company of Illinois commenced an action, as subrogee of Michael Scordo and his parents, Anthony Scordo and Anne Scordo, against the defendant. In March 2005, in response to the defendant's notice to produce and preserve the vehicle, Scordo, through his attorney, advised the defendant that the car was available for inspection. The defendant did not inspect the vehicle and Scordo sold the car in August of 2008.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to strike the plaintiffs' respective complaints due to spoliation of evidence. "The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to defend [the] action" (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009] [internal quotation marks omitted]; *see Kirschen v Marino*, 16 AD3d 555, 555-556 [2005]). "Generally, striking a pleading is reserved for instances of willful or contumacious conduct" (*Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]). Here, the defendant failed to establish that the plaintiffs acted willfully or contumaciously in disposing of the car. The plaintiffs made the car available for inspection, and the defendant failed to inspect it for more than three years (*see Seda v Epstein*, 72 AD3d 455 [2010]; *Jimenez v Weiner*, 8 AD3d 133 [2004]; *cf. Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]; *Cabasso v Goldberg*, 288 AD2d 116 [2001]).

Furthermore, although the sanction of striking a pleading may be imposed even absent willful or contumacious conduct if a party has been so prejudiced that dismissal is necessary as ·a matter of fundamental fairness (*see Dean v Usine Campagna*, 44 AD3d at 605; *De Los Santos v Polanco*, 21 AD3d at 398; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]), such is not the case here, where the defendant serviced the vehicle several weeks prior to the accident and is presumably in possession of any records or other evidence necessary to defend against the allegation that it negligently serviced or replaced the vehicle's tires (*see Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]; *Maliszewska v Potamkin N.Y. LP Mitsubishi Sterling*, 281 AD2d 353 [2001]). Moreover, the loss of the opportunity to inspect the vehicle did not deprive the defendant of the means of establishing its defense in this case, in part because there was other evidence as

to the postaccident condition of the car (*see Mylonas v Town of Brookhaven*, 305 AD2d 561, 563 [2003]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]).

Additionally, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to impose lesser sanctions of precluding evidence of the condition of the car at the time of the accident or precluding testimony of the plaintiffs' expert. Evidence as to the condition of the car at the time of the accident was readily available to both parties. Further, the conclusions contained in the plaintiffs' expert report were not based upon an inspection of the vehicle. As such, the plaintiffs did not obtain an unfair advantage from their failure to preserve the car (*see Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450, 451 [1999]).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaints in actions Nos. 1 and 3. The defendant failed to establish that it was not negligent in servicing the car and, thus, failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450 [1999]; *Retz v Alco Equip.*, 259 AD2d 898 [1999]; *Van Patten v U.S. Truck Body Co.*, 176 AD2d 1095, 1096 [1991]; *cf. Krolak v Dubicki, Inc.*, 1 AD3d 318 [2003]; *Pollock v Toyota Motor Sales U.S.A.*, 222 AD2d 766, 767-768 [1995]; *Duprey v Drake*, 182 AD2d 1015, 1015-1016 [1992]). Accordingly, we need not examine the sufficiency of Scordo's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court also properly denied that branch of Scordo's motion which was for summary judgment on the issue of liability. To rely on the doctrine of res ipsa loquitur, a plaintiff must demonstrate that (1) the injury is of a kind that does not occur in the absence of someone's negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the injured plaintiff (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *States v Lourdes Hosp.*, 100 NY2d 208, 211-212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]). Here, the evidence raised a triable issue of fact as to the applicability of the doctrine of res ipsa loquitur particularly as to the second element of the doctrine (*see Morejon v Risa Constr. Co.*, 7 NY3d at 209). Moreover, the conclusion of the plaintiffs' expert that the vehicle's wheel

separated from the car during operation due to the defendant's failure to properly remove any dirt, grease residue, or rust from the surface of the brake disc that connects with the alloy wheel was speculative and, therefore, without any probative value (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991]; *Poelker v Swan Lake Golf Corp.*, 71 AD3d 857, 858 [2010]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [2005]; *Cappolla v City of New York*, 302 AD2d 547 [2003]). Accordingly, the Supreme Court properly denied that branch of Scordo's motion which was for summary judgment on the issue of liability. Covello, J.P., Leventhal, Hall and Roman, JJ., concur.